## CLARK v. THE COUNTY OF LITCHFIELD.

THIS was a petition against the county of Litchfield, upon the statute regulating goals; by which it stands enacted — " That if any person or persons, lawfully committed to any of the goals in this state (either in any civil or criminal case) shall break such goal, and make his or their escape, through, or by reason or means of the defect or insufficiency of such goal, the cost and charges occasioned, and expended thereby, and the damages sustained by the person or persons, by reason of such escape or escapes, shall be paid and answered out of the county treasury of that county wherein such defective goal is; and the County Court of that county, upon application to them made, and proof thereof, shall order payment accordingly; the said cost and damages being first justly by them ascertained and allowed: That in case any party or person shall be aggrieved, by the denial or determination of such County Court, he or they may appeal to the next Superior Court, to be holden in that county, who are empowered to hear, adjust, and determine the same, and order payment, as aforesaid, with such costs arising on the appeal, as they shall judge reasonable."

The petition was in common form, stating — That one David Thorp, a prisoner, in execution for debt, at the suit of the petitioner, made his escape, through the insufficiency of the goal.

For the county, it was answered — That said Thorp made his escape from said goal by the aid and assistance of James Hawley, Isaac Booth, and one Andrus, who furnished said Thorp with a number of crow bars, saws, augers, and other

Clark v. County of Litchfield.

implements, by means whereof he broke said goal, and not through the insufficiency:—And that immediately after said Thorp's escape, the sheriff of the county made fresh pursuit, and upon such pursuit retook said Thorp, and confined him again in goal, where he now is holden by virtue of the petitioner's said execution, and for his benefit, who now has every legal advantage, not only against said Thorp, but against the persons who assisted him to make his escape.

The petitioner replied — That he never had any knowledge that said Hawley, Booth, or Andrus, or any other person, ever aided or assisted said Thorp in making his escape from said goal; and that those persons were, at the time of said Thorp's escape, and ever since have been, notorious bankrupts;— and that said Thorp was not retaken, and confined again in goal, until long after this suit was brought forward and pending before this court;— and that said escape was effected through the insufficiency of said goal.

To this there was a demurrer, and joinder in demurrer.

By Mr. Reeve and Mr. Tracy, counsel for the petitioner, it was urged — That in every supposable case of an escape, the sheriff or county are liable, unless the escape was effected by inevitable accident, the public enemy, or the act of God. At common law, the sheriff never was excused, except in the instances before mentioned:   But when the business of providing goals was transferred from the sheriff (whose business it originally was) to the county, it became unreasonable to charge the sheriff for the insufficiency of the goal, which he had not power to prevent.   It was, therefore, provided by the statute upon which this suit is founded — that in case

Clark v County of Litchfield.

of an escape, through the insufficiency of the goal, the county should be liable; but no further alteration of the common law was made by the statute; and there is the same liability upon the sheriff and county now, that before the statute there was upon the sheriff.— To show when the sheriff was liable at common law, was cited — Coke's Rep. 4th part, 84; 1 Stra. 429.

It was further urged, on the part of the petitioner — That the recaption of the prisoner, after an action brought, which appeared to be the case from the pleadings, cannot avail the county; for that in every case of a negligent escape, if fresh pursuit is made, and a recaption effected before suit, the sheriff is excused; but if the suit is brought before recaption, the sheriff is liable.—Authorities cited to this point — 3 Coke's Rep. 52; 2 Stra. 873; 3 Black. Com. 415 and 416.

A saving clause in the statute, provides — That the county shall not be charged, whenever those who assisted the prisoner to make his escape are of sufficient ability to pay the debt. The inference from this is conclusive — that if they are not of sufficient ability, the county is chargeable. It appears from the pleadings, that those who assisted the prisoner to escape were bankrupts.

In regard to the rule of damages — It is the whole debt, and cannot be diminished. This is analogous to the law in other cases:—Where an officer has neglected his duty, in the levy of an execution, nothing is abated of the whole debt, on account of the poverty of the debtor. And so are the books — 3 Black. Com. 163.

Mr. Adams, for the county, contended — That goals are never so built in this country as to secure them from being broken by persons who receive external assistance. Were

they ever so strong, they might be broken on the outside; and for this there is no default in the county. It could not be the intention of the legislature to subject the county, where they are not to blame.

But admitting that the goal was insufficient; yet it is conclusive in favor of the county, that they had the prisoner again in confinement. The doctrine of the sheriff's liability, if an action be brought before recaption, does not apply to the county. The idea of the county's making fresh pursuit, is absurd; and from the nature of an aggregate corporation, some acts are not expected from them which are required of an individual; of which this is an instance. Therefore, if at any time they retake the prisoner, it is sufficient; for the petitioner now has the same pledge for the payment of his debt as he had before the escape.

Another important point in the case, is — That the statute has expressly provided another remedy for the petitioner; and until he has tried and failed in that, he can have no right of recovery against the county. It being alleged, that the persons who assisted the prisoner to make the escape, were not of sufficient ability to respond the petitioner's demand, is immaterial; for their ability can only be known by the officer's return of execution against them. Those steps having been first taken, the petitioner might then apply to the county, but not before.

In respect to the rule of damages, in case the points of defense should be adjudged insufficient:— The peculiar expressions of the statute — " his damages being justly ascertained," — plainly discover the intention of the legislature to have been, that the real damages sustained, under all the

circumstances, shall be recovered; not that the court must presume, in contradiction to every evidence, that the whole demand for which the prisoner was confined is the criterion of damages. Such a construction of the statute would tempt creditors to combine with their poor debtors, and help them to escape from goal, in order for a recovery against the county.

In the present case, from the petitioner's own stating, it appears, that the prisoner was a bankrupt, and had taken the poor prisoner's oath; therefore, the prospect of his recovering anything from the prisoner was very remote; and of consequence, the damages ought to be very small.

But judgment was for the petitioner. And,

By the COURT. (DYER, J., dissenting.) This is a petition against the county, upon the statute, claiming damages for the escape of a prisoner, through insufficiency of the goal, who was in execution for a debt due the petitioner. The statute provides, *inter alia* — "That if any person, lawfully committed, shall break goal, and make his escape, by reason or means of the insufficiency of the goal, the damages sustained by reason of such escape, shall be paid out of the county treasury."—With a saving in the following words, viz.— "That nothing in this act shall be construed to prejudice, or hinder any person or persons from recovering any expense, cost, or damage of the person or persons, or out of the estate of such person or persons, who shall break, or be aiding or assisting in breaking the goal, or who shall escape, or be aiding thereto, according to law; and when such remedy for satisfaction may be had, the county shall not be charged with, nor be ordered to pay the said expense, cost, or damage."

Clark v. County of Litchfield.

The defense is: —

1. That the escape was effected by the aid of persons without the goal, viz. James Hawley, and others named, who furnished the prisoner with implements for that purpose.

This cannot avail.— Public justice, and the peace of society are concerned, that prisoners should be securely kept; and that for every escape, not happening by fire, public enemies, or the providence of God, the builder, or keeper, of the goal shall be responsible. In England, the responsibility is in the same person, who both provides and keeps the goal. Here, by the statute, it is divided, but not lessened; the county, who builds and repairs, is responsible for the sufficiency of the goal, and the sheriff for the custody of it; and one or the other must answer for every escape, except in the cases above mentioned. It is no excuse for the county, that the prisoner broke out by the help of implements handed in at the window. It is their duty to provide a sufficient goal, which they do not, if prisoners can break out of it, with or without implements. If the goal is left accessible to persons without, and is of a construction and materials, that by the secret use of implements it can be broken, it is not that place of security which the law intends. It is the sheriff's duty to defend the goal against open or riotous attempts; but it clearly devolves on the county so to build and secure it, that it shall not be liable to be broken secretly, and without the knowledge of a vigilant and faithful keeper; which, in this case, it appears they have not.

A further ground of defense stated, is — That the petitioner hath a remedy against the persons who aided the escape:—

If he had had knowledge of them, and they had been of apparent ability, it would have been his duty, by the statute, to have first sought his remedy against them:   But it appears from the pleadings, that he neither had any knowledge of them at the time of commencing this process, nor were they of any ability; nor is it suggested that the prisoner himself had estate, within the knowledge and reach of the petitioner, out of which he might have indemnified himself for the escape.   He had right, therefore, to his remedy immediately against the county.

A third ground of defense, is — That on fresh pursuit, by the sheriff, the prisoner was retaken, and is still in goal:—

It appears from the pleadings, that he was out some months, and not recommitted till after this suit was brought. —How far, however, a prisoner who goes at large three or six months can be said to be retaken on fresh pursuit, within the reason or letter of the rule, may not be material here; for the statute hath no saving for any recaption.   If there has been an escape, the county is holden.   The statute has some savings for the county, which the common law has not; in others, it may fall short.

The common-law rule, however, would not help the defendants in this case:   It goes only to recaptions before suit brought, Stran. 873, and upon plain reason; because, as the goaler holds the body as a pledge for the debt, and to enforce payment, if he lets it go, the creditor is not obliged to wait to see whether he will retake it again, but has his right of action against the goaler immediately; and having commenced it, and made his election, he is not to be defeated by matter *ex post facto*.   Here suit was brought before the recaption. Neither common law, or the statute, will, therefore, support this branch of the defense.

Clark v. County of Litchfield.

As to the equitable ground insisted on, that the debtor having taken the poor prisoner's oath, his detention in goal would have been no benefit to the creditor:— It is against a statute provision, which enables the creditor, notwithstanding the oath, to detain the prisoner at his own expense, upon the ground that the detention still may, as it sometimes in fact doth, induce a disclosure of estate, and satisfaction of the debt.   Such farther detention in goal is a mean the law has prescribed and given the creditor for the recovery of his debt; and it therefore subjects those, who through neglect of their duty, do in any measure deprive him of it, to the payment of the debt.   Sheriffs neglecting to commit upon executions, are never excused, or abated in damages, because the debtor is poor.   In England, the common action for escape of one in execution, is debt, in which, of course, without regard to the ability of the prisoner, the whole debt for which he was in execution is recovered.   Execution is the end of the law.   Laxness and insecurity here, render futile law proceedings, and the law itself.

We are, therefore, of opinion, that the replication of the petitioner in this case, is sufficient.

Note.— This decision was afterwards reversed in the Supreme Court of Errors.